IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRY MONTEZ WEEKLY                                                          PLAINTIFF

v.                                  Civil No. 4:17-cv-04082

JOHN VANMETER, Corporal Texarkana
Arkansas Police Department; DENISE
WILDER, Corporal Texarkana Arkansas
Police Department; MARCOS LUNA,
Officer, Texarkana Arkansas Police
Department; and TANNER FREEMAN,
Officer, Texarkana Arkansas Police
Department                                                                   DEFENDANTS

**ORDER**

Before the Court is Plaintiff Terry Montez Weekly's failure to obey an order of the Court. On September 19, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se* in the Eastern District of Arkansas. (ECF No. 2). On September 20, 2017 the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4).

An initial review of Plaintiff's complaint revealed that he failed to sign and date the complaint as required by Federal Rule of Civil Procedure 11(a). On September 20, 2017, the Court entered an order directing the Clerk to return a copy of Plaintiff's complaint to him for his signature. The order also directed Plaintiff to sign and date the complaint and return it to the Court by October 4, 2017. (ECF No. 7). Plaintiff was advised in the order that failure to respond within the required period of time would result in the dismissal of his case. To date, Plaintiff has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 18th day of October, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge